IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 09-00115 JMS-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STANFORD M. J. MANUIA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION THAT THE UNITED
STATES' PETITION TO ENFORCE IRS SUMMONS BE GRANTED**

On March 30, 2009, this Court issued an Order to Show
Cause why Respondent Stanford M.J. Manuia ("Respondent") should
not be compelled to obey the Internal Revenue Service ("IRS")
summons served upon him.  The matter came on for an order to show
cause hearing before this Court on May 11, 2009.  Assistant
United States Attorney Edric Ching appeared on behalf of
Petitioner the United States of America ("Petitioner") and
Respondent was present.

As of July 6, 2009, Respondent has not produced the
summoned records and documents.

**DISCUSSION**

I.   **Enforcement of the IRS Summons**

In order to obtain enforcement of an IRS summons, the
government need only make a prima facie showing of good faith in
the issuance of the summons.  See Lidas, Inc. v. United States,

238 F.3d 1076, 1081-82 (9th Cir. 2001) (citing United States v. Powell, 379 U.S. 48 (1964)).   The instant petition and Revenue Officer Lyn Pate's declaration includes the following: 1) a description of the current investigation to collect Respondent's tax liability; 2) a statement that the requested documents are relevant to the investigation; 3) a statement that the documents are not within the IRS's possession; and 4) a statement that all administrative procedures for the issuance of the summonses were followed.   [Decl. of Revenue Officer Lyn Pate; Exhibit A at ¶¶ 2-9.]   This Court therefore FINDS that Petitioner has established a prima facie case that the summons is enforceable.   See Lidas, 238 F.3d at 1082 (setting forth the elements of a prima facie case (citing Powell, 379 U.S. at 57-58)).

        Once the IRS makes the prima facie showing, the "'heavy burden'" of rebutting the presumption of good faith shifts to the taxpayer challenging the summons.   See id. (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)).   This heavy burden leaves the taxpayer with few defenses.   See United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).   The taxpayer must present specific facts and evidence to rebut the presumption of good faith.   See Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).   Respondent provided no legal or factual basis to disprove Petitioner's prima facie case.

## II.  **Costs**

Petitioner also seeks its costs incurred in this action.  A court may award costs to the IRS as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  <u>See United States v. Garcia</u>, 287 F. Supp. 2d 1083, 1088 (N.D. Cal. 2003) (citing <u>Holderbaum v. United States</u>, 589 F. Supp. 107 (D. Colo. 1984)) (some citations omitted).  A court also has the discretion to issue a compensatory contempt fine.  <u>See</u> <u>United States v. Asay</u>, 614 F.2d 655, 660-61 (9th Cir. 1980) (affirming imposition of fine consisting of "all expenses incurred in the issuance, service, return, and enforcement of the summonses").  To the extent that Petitioner seeks taxable costs pursuant to Rule 54(d)(1), the request is premature because the prevailing party has not been determined yet.  To the extent that Petitioner seeks costs in the form of a contempt fine, this Court finds that such a sanction is not warranted at this time.

<u>CONCLUSION</u>

Therefore, having carefully considered the Petition to Enforce IRS Summons, the arguments presented at the hearing, and the relevant legal authority, the Court RECOMMENDS that the district judge issue an order as follows:

(1)  That the IRS summons served on Respondent shall be enforced and Respondent shall obey the summons in full within thirty days after the adoption of the district judge's order;

3

        (2)   That Respondent shall provide to the Petitioner all documents requested in the summons;

        (3)   That, should Respondent fail to fulfill either of the order's requirements, the Petitioner may move for contempt sanctions for violation of the district judge's order; and

        (4) That Petitioner's request for costs be DENIED WITHOUT PREJUDICE.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAII, July 13, 2009.



                        /S/ Leslie E. Kobayashi
                        Leslie E. Kobayashi
                        United States Magistrate Judge

**UNITED STATES OF AMERICA V. STANFORD M.J. MANUIA; CIVIL NO. 09-00115 JMS-LEK; FINDINGS AND RECOMMENDATION THAT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONS BE GRANTED**